**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| JULIUS BRYANT, individually and on behalf of all others similarly situated,<br><br>                       Plaintiff,<br>   v.<br><br>SOLIDQUOTE LLC<br><br>                       Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S CLASS ACTION COMPLAINT**

Plaintiff Julius Bryant ("Mr. Bryant"), by his undersigned counsel, for this class action complaint against Defendant SolidQuote LLC, as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

## I. INTRODUCTION

1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." Krakauer v. Dish Network, L.L.C., 925 F.3d 643, 649 (4th Cir. 2019).

2. "[T]he law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations

was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.'). . . . [P]rivate suits can seek either monetary or injunctive relief. [47 U.S.C. § 227(c)(5)]. . . . This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Id*. at 649-50.

3.     Plaintiff, individually and as class representative for all others similarly situated, brings this action against Defendant for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for making telemarketing calls to numbers on the National Do Not Call Registry, including his own.

4.     Because telemarketing campaigns generally place calls to thousands or even millions of potential customers *en masse*, Plaintiff brings this action on behalf of a proposed nationwide class of other persons who received illegal telemarketing calls from or on behalf of Defendant.

## II.   PARTIES

5. Plaintiff Bryant is an individual who resides in the Northern District of Texas.

6. Defendant SolidQuote LLC is a corporation with its headquarters and primary place of business in Aroura, CO.

### III. JURISDICTION AND VENUE

7. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim for violations of the Texas Business and Commerce Code relates to the same telemarketing campaign as the TCPA claim.

8. <u>Personal Jurisdiction</u>: The Court has general personal jurisdiction over Defendant SolidQuote LLC because it is a corporation with its headquarters and primary place of business in this District.

9. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims—namely, the illegal telemarketing at issue—was orchestrated from this District.

### IV. FACTS

**A.    The Enactment of the TCPA and its Regulations**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. Section 227(c) of the TCPA requires the FCC to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

13. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

14. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are made. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

**B.   The Texas Business and Commerce Code**

15. Realizing the particular harm to Texas residents that unsolicited telemarketing calls to them poses, the Texas Legislature passed Section 302.101 of the Texas Business and Commerce Code, which requires all "sellers" or "salespersons" making "telephone solicitations" inducing a person to "purchase, rent, claim, or receive an item," to register as such with the Texas Secretary of State. TEX. BUS. & COM. CODE §§ 302.001; 302.101.

16. The burden of proof lies on Defendant to show it registered each business location to prove it licensure or on proving an exemption. *Id*. § 302.051.

17. The sale of insurance leads is not a product for which there is an exemption to the Code. *Id*. § 302.051.

18. Defendant SolidQuote is not registered with the Texas Secretary of State as required by the Business and Commerce Code. *Telephone Solicitors Search*, TEXAS SECRETARY OF STATE, https://direct.sos.state.tx.us/telephone/TelephoneSearch.asp (querying "SolidQuote or Solid Quote" as either a DBA or seller name returns no results).

4

C.      **Unsolicited Telemarketing to Plaintiff**

19.     Plaintiff Bryant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

20.     Plaintiff's residential telephone number is (469)-XXX-XXXX, is on the National Do Not Call Registry, and has been for more than a year prior to the calls at issue.

21.     Mr. Bryant uses the number for personal, residential, and household reasons.

22.     Plaintiff Bryant never consented to receive calls from Defendant.

23.     Plaintiff Bryant never did business with the Defendant.

24.     Despite this, Plaintiff received a total of at least fifteen automated telephone calls from Defendant's number 469-903-5512 as part of a telemarketing campaign. The calls were sent between June 27, 2022 and October 12, 2022.

25.     The calls were unwanted.

26.     The calls were nonconsensual encounters.

27.     In an effort to ascertain the identity of the caller, and for no other reason, the number 469-903-5512 was called from 469-XXX-XXXX on January 18, 2023.

28.     An automated voice answered, and stated, "The reason we called you is that we recently received some of your auto information. And it's for the local agents in your area. They have a new quote to give you on your car insurance. And this call is being recorded for quality. So are you currently insured?"

29.     The automated voice advertised that it would help the caller find the "best discounts [on auto insurance] in your area."

30.     The automated voice also attempted to sell the caller's homeowner's insurance, flood insurance, life insurance, health insurance, and Medicare supplement insurance.

5

31. At the end of the call, the automated voice was prepared to transfer the caller to a human and identified itself as being from SolidQuote. It stated, "So shortly following this call agents or carriers, including but not limited to SolidQuote, will begin contacting you in regards to your insurance needs at your phone number. Before we provide your contact information to these agents or carriers, we do need your consent. It's not required as a condition of purchasing any property goods or services. They're just free comparison rates. And you can revoke your consent at any time. Most agents will simply call you. But some may use text SMS messages, a prerecorded message, or an automatic telephone dialing system. But really keep an eye on your email. They have your email address, okay?"

32. The caller stated, "No, No."

33. The automated system attempted to salvage the lead by saying "Yeah, I get it. I don't want to be bombarded with calls either. The first initial contact with the agents is by phone. But once you talk to them, you can discuss alternative methods of contact going forward. Okay?"

34. The caller stated, "No" again.

35. The automated system then said, "All right. Well, thank you for your time today. Have a great day." It then terminated the call.

36. Plaintiff and his wife attempted to contact SolidQuote to ascertain why he received the calls complained of despite his number being on the Do Not Call Registry.

37. Plaintiff didn't get a response.

38. Plaintiff's privacy has been violated by the above-described telemarketing messages.

39. Plaintiff never provided his consent or requested these messages.

6

40. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their telephone lines, storage space, and bandwidth, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

## V.   CLASS ACTION ALLEGATIONS

41. Class Definition. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiff brings this case on behalf of the Classes (the "Classes") defined as follows:

> **National Do Not Call Registry Class**: All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing call or text message from or on behalf of SolidQuote, (3) within a 12-month period, (4) at any time in the period that begins four years before the date of filing this Complaint to trial.
>
> **Texas Business and Commerce Code Class**: All persons in the State of Texas who (1) received a telephone solicitation call from or on behalf of SolidQuote, (2) at any time during which SolidQuote was not registered as a telephone solicitor with the Texas Secretary of State, (3) at any time in the period that begins four years before the date of filing this Complaint to trial.

42. Excluded from the Classes are counsel, Defendant, any entities in which Defendant has a controlling interest, Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

43. The Classes, as defined above, are identifiable through telephone records and telephone number databases.

44. The potential members of the Classes likely number at least in the hundreds because of the *en masse* nature of telemarketing calls.

45. Individual joinder of these persons is impracticable.

7

46. Additionally, the disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.

47. Plaintiff is a member of the Classes and will fairly and adequately represent and protect the interests of the Classes as she has no interests that conflict with any of the class members.

48. Plaintiff and all members of the Classes have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, and the intrusion on their telephone that occupied it from receiving legitimate communications.

49. This class action complaint seeks injunctive relief and money damages.

50. There are numerous questions of law and fact common to Plaintiff and members of the Classes. These common questions of law and fact include, but are not limited to, the following:

    a. whether Defendant systematically made multiple telephone calls to members of the National Do Not Call Registry Class;

    b. whether Defendant made calls to Plaintiff and members of the National Do Not Call Registry Class without first obtaining prior express written consent to make the calls;

    c. whether Defendant made telephone solicitations to members of the Texas Business and Commerce Code class without the required registration; and

    d. whether members of the Classes are entitled to treble damages based on the willfulness of Defendant's conduct.

51. Plaintiff's claims are typical of the claims of the Classes, as they arise out of the same common course of conduct by Defendant and are based on the same legal and remedial theories.

52. Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the Classes, he will fairly and adequately protect the interests of the Classes, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

53. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

54. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interests of individual members of the Class in individually controlling the prosecution of separate claims against Defendant are small because the damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly more difficulties than are presented in many class claims. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for small claimants, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action.

55. Defendant has acted on grounds generally applicable to the Classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the Classes

appropriate on a class-wide basis. Moreover, on information and belief, Plaintiff alleges that the telephone solicitation calls made by Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf that are complained of herein are substantially likely to continue in the future if an injunction is not entered.

**FIRST CAUSE OF ACTION**
Telephone Consumer Protection Act
Violations of 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(c)
(On Behalf of Plaintiff and the National Do Not Call Registry Class)

56. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

57. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to Plaintiffs and members of the National Do Not Call Registry Class despite their numbers being on the National Do Not Call Registry.

58. Defendant's violations were negligent, willful, or knowing.

59. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the National Do Not Call Registry Class are presumptively entitled to an award of between $500 and $1,500 in damages for each call made.

60. Plaintiff and the members of the National Do Not Call Registry Class are also entitled to and do seek injunctive relief prohibiting Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to telephone numbers registered on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION
### Texas Business and Commerce Code
### Violations of Texas Business and Commerce Code § 302.101
### (On Behalf of Plaintiff and the Texas Business and Commerce Code Class)

61. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

62. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the Texas Business and Commerce Code, § 302.101, by making telephone solicitation calls, to Plaintiff and members of the Texas Business and Commerce Code Class despite not holding a registration certificate for the business location from which the telephone solicitation is made.

63. Defendant's violations were negligent, willful, or knowing.

64. As a result of Defendant's, and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf, violations of the Texas Business and Commerce Code, § 302.101, Plaintiff and members of the Texas Business and Commerce Code Class are presumptively entitled to a civil penalty of $5,000 for each violation under § 302.302, plus all reasonable costs of prosecuting the action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiff as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

D.     An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers on the National Do Not Call Registry, absent an emergency circumstance;

E.     An award to Plaintiff and the Classes of damages, as allowed by law; and

F.     Orders granting such other and further relief as the Court deems necessary, just, and proper.

## VI.     DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this December 22, 2023.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*